# FRANK HARRY ZEBRON *v.* AMERICAN OIL COMPANY AND SUBSEQUENT INJURY FUND

[No. 219, September Term, 1970.]

*Decided October 28, 1970.*

The cause was argued before MURPHY, C.J., and ORTH and THOMPSON, JJ.

*Fred Ginsberg,* with whom was *Eugene V. Chircus* on the brief, for appellant.

*Louis G. Close, Jr.,* for appellee American Oil Company.

*Albert A. Levin,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee Subsequent Injury Fund.

MURPHY, C.J., delivered the opinion of the Court.

Chapter 322 of the Acts of 1965, codified in part as Maryland Code, Article 101, Section 36 (4a), provides that a person who receives an award of permanent partial disability benefits under the "Other Cases" provisions of Section 36 (4) of the Workmen's Compensation Law "equal in total to forty per centum or more of $12,500 is thereby considered to have a serious disability" automatically entitling him to an additional award of compensation benefits under a formula therein delineated. The Act, which became effective June 1, 1965, expressly provided in Section 2 thereof that:

> "* * * the provisions of this act shall be applicable only to such injuries as occur and such actions as are initiated after the effective date hereof."

Appellant Zebron sustained two accidental injuries arising out of and in the course of his employment with appellee American Oil Company (American) — one on May 29, 1965, which was prior to the effective date of Section 36 (4a), and the other on March 15, 1966, after the Act had become effective. The Workmen's Compensation Commission, which heard both cases at the same time, found with reference to the injury of May 29, 1965 that Zebron had sustained a 40% industrial loss of use of his

body, of which permanent disability 30% was due to the compensable injury of May 29, 1965 and the other 10% due to a pre-existing condition. As to the compensable injury of March 15, 1966, the Commission found that Zebron had sustained a 70% industrial loss of use of his body, of which 30% was due to the accidental injury of March 15, 1966 and 40% due to the pre-existing condition. The Commission found that Zebron had a "serious disability" under the provisions of Section 36 (4a) and awarded additional compensation to him by reason thereof. On American's appeal to the Superior Court of Baltimore City, the court modified the Commission's award, holding that the percentage of disability attributable to the March 15, 1966 accident was only 30%; and that to be compensable under the "serious disability" provisions of Section 36 (4a), "the injury(ies) amounting to 40% disability or more, must be subsequent to June 1, 1965."

Appealing from the lower court's judgment, Zebron maintains that the Act was intended by the Legislature to apply to his case since his injury of March 15, 1966, sustained after the effective date of Section 36 (4a), together with his earlier injury of May 29, 1965, involved an award of permanent partial disability "equal in total to forty per centum or more of $12,500," thus qualifying his injury as a "serious disability."

Statutes are to be given prospective application unless the intent of the Legislature is clearly to the contrary. *Unsatisfied Claim and Judgment Fund Board v. Bowman,* 249 Md. 705. Conversely stated, statutes are not to be given a retrospective effect unless their words require it, *viz.,* "unless [the] words are so clear, strong and imperative, that no other meaning can be annexed to them, or unless the intention of the Legislature could not be otherwise satisfied." *Dashiell v. Holland Maide Candy Shops,* 171 Md. 72, citing *Williams v. Johnson,* 30 Md. 500, 508. Equally fundamental is the cardinal rule of statutory construction that the courts should ascertain the legislative intent and give effect to that intent. *Domain v. Bosley,* 242 Md. 1; *Height v. State,* 225 Md. 251.

Section 36 (4a) created a new category of persons under the Workmen's Compensation Law—those having a "serious disability." *Barnes v. Ezrine Tire Co.*, 249 Md. 557. The provisions of the Section were without parallel in the compensation laws of any other state. *Consolidated Engineering Co. v. Cooper*, 246 Md. 610. In enacting the Section, the Legislature expressly provided, as heretofore indicated, that "the provisions of this act shall be applicable only to such injuries as occur and such actions as are initiated" after June 1, 1965. While it is true, as stated in *Barnes,* that an ambiguity in the compensation law is to be resolved in favor of the claimant, we find no such ambiguity in Section 36 (4a) ; to us, the intent of the Legislature was clearly to limit application of the "serious disability" provisions to compensable injuries, all of which were sustained after June 1, 1965. To apply Section 36 (4a) to a pre-June 1, 1965 injury in determining whether a "serious disability" has been sustained by a post-June 1, 1965 injury would, in effect, constitute a retroactive application of the Act's provisions, and would, in our judgment, constitute an interpretation wholly at odds with the legislative intention that "the provisions" of the Section apply only "to such injuries as occur" after June 1, 1965.

*Judgment affirmed; costs to be paid by appellant.*