## STATE OF MARYLAND *v.* MILTON GORDON

[No. 418, September Term, 1970.]

*Decided April 23, 1971.*

The cause was argued before MORTON, THOMPSON, and MOYLAN, JJ.

*Francis X. Pugh, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Fred A. Thayer, State's Attorney for Garrett County, William A. Linthicum, State's Attorney for Montgomery County,* and *William M. Cave, Assistant State's Attorney for Montgomery County,* on the brief, for appellant.

No appearance for appellee.

THOMPSON, J., delivered the opinion of the Court.

The State of Maryland herein appeals from the granting of a pre-trial motion to quash an indictment for defects in its institution. Upon the request of Milton Gordon, the appellee, the case was removed from Montgomery County to Garrett County where appellee's motion to quash the indictment for defects in its institution was granted. The record shows the indictment was quashed because the foreman of the Montgomery County

grand jury was hand-picked by the court which the trial judge found in violation of the applicable statute, Chapter 578 of the Laws of Maryland, 1968, since superseded. The question was presented below and here as one of statutory construction. No constitutional issue is presented.

The appellee filed no brief and makes no argument. The State, as appellant, contends first that the grand jury foreman was selected consistent with Chapter 578. Secondly, even were the selection not in strict compliance with Chapter 578, the State continues, the irregularity should not result in an indictment being quashed. We do not reach the second contention.

In its relevant parts, Chapter 578 made additions to as well as repealing and re-enacting parts of Md. Code, Art. 51, "Juries."

Section 1 of Chapter 578 added ₄a new section 6A to Art. 51 of the Md. Code to create the position of jury commissioner for Montgomery County. The commissioner was to compile three lists: The Master List, the Service File, and the Annual List. The Master List was to reflect as nearly as possible a fair and complete list of all persons eligible for jury duty in the County. Compiled under the supervision of the court, the Master List began with all existing lists of qualified jurors supplemented by election and tax lists. Under Section 6A (c) (i), the jury commissioner could also use any and all other listings necessary to compile the Master List. From the Master List is formed the Service File consisting of all those qualified to be jurors.

An Annual Listing was formed by the selection of at least two hundred names from the Service File, with special emphasis on "intelligence, sobriety and integrity." After being apportioned by election district, the names are placed in a box for final drawing pursuant to a ratio and method provided. The first 22 names drawn at random are the grand jury, to serve with the foreman previously selected by the court. Petit jury panels are then drawn.

The selection of the grand jury foreman is referred to

three times in Chapter 578. In the new Section, 6A (d) (ii) of Art. 51, the act in final form says, "The foreman of the grand jury shall be selected by the court." Section 10 (c) of Art. 51 states, "In Montgomery County, after the foreman of the grand jury shall have been selected, the remaining names shall be used for drawing those who shall serve as jurors. . . ." Lastly, in Section 12 (A) of Art. 51, the act says, ". . . the foreman shall be selected by the court from the original panel . . . .", referring apparently to the Annual Listing.

In the instant case, the facts are not disputed. Of the twenty-three member grand jury, twenty-two members were properly selected. As to the foreman of the grand jury, Judge Kathryn Shook, apparently following judicial custom in Montgomery County, struck one name from the Annual Listing, added the name of one Thurman Diggs, and appointed him foreman.

In clarifying this statute, the Court will consider, ascertain and give effect to the real intention of the legislature, *Clerk v. Chesapeake Beach Park, Inc.*, 251 Md. 657, 248 A. 2d 479; *Zebron v. American Oil Co.*, 10 Md. App. 308, 270 A. 2d 339, and *State v. Blanken*, 11 Md. App. 460, 275 A. 2d 179. In so doing, we are guided by the rule that statutes are to be construed reasonably and with reference to the purpose to be accomplished. *Walker v. Montgomery County Council*, 244 Md. 98, 223 A. 2d 181. Particularly, a statute should be construed so that all of its parts harmonize with each other and render them consistent with its general object and scope. *Maguire v. State*, 192 Md. 615, 65 A. 2d 299 and *State v. Blanken, supra.*

In deciphering the legislative intent in this statute, it is crucial to notice that the original draft of Chapter 578 included in Section 6A (d) (ii) the requirement that the grand jury foreman be selected "from the Annual Listing." This requirement was stricken from the bill, leaving the simple and clear directive, "The foreman of the grand jury shall be selected by the court." This deletion by the legislature leads to the conclusion that the court was to

select the grand jury foreman without limitation to the Annual Listing.

In addition to Section 6A (d) (ii), the selection of the grand jury foreman is referred to in two other parts of Chapter 578. In Section 10 (c), both as proposed and as adopted, there is no mention of any limitation to the Annual Listing. Only Section 12 (A) refers to limitations in the selection of the grand jury foreman. The clearer intent is established by Section 6A (d) (ii) since the legislature acted specifically to delete the limitation from that section. Section 10 (c) is consistent with this interpretation. The failure to properly edit Section 12 appears no more than an inadvertent oversight. Thus, the conflict, if any, between Section 6A (d) (ii) and Section 12 is resolved in favor of Section 6A (d) (ii) which by its specificity more clearly reveals the legislature's intent that the court be not limited to the annual listing in selecting the grand jury foreman.

Since the trial judge erred in his interpretation of Chapter 578, the order quashing the indictment is reversed and the case is remanded for trial on the merits.

> *Ruling reversed and case remanded for further proceedings.*
> *Costs to be paid by the appellee.*
> *Mandate to issue forthwith.*