## GARY A. DUCKWORTH v. KELLY-SPRINGFIELD TIRE COMPANY ET AL.

[No. 349, September Term, 1975.]

*Decided February 27, 1976.*

The cause was argued before MORTON, DAVIDSON and MOORE, JJ.

*Ronald J. Levasseur,* with whom were *Levasseur & Held* on the brief, for appellant.

*Dennis M. Andreone, Special Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General* on the brief, for appellee Subsequent Injury Fund. *Hugh A. McMullen,* with whom were *Geppert, McMullen & Paye* on the brief, for other appellees.

DAVIDSON, J., delivered the opinion of the Court.

On 20 April 1971, the appellant, Gary A. Duckworth (claimant), injured his back while at work. On 5 February 1974, the Workmen's Compensation Commission (Commission) found that the disability suffered by the claimant resulted from an accidental injury arising out of and in the course of his employment and amounted to a permanent partial disability of 52 per cent industrial loss of the use of his body, 42 per cent of which was reasonably attributable to his accidental injury, while 10 per cent was attributable to a previous impairment. The Commission ordered the appellees, Kelly-Springfield Tire Company (employer) and Travelers Insurance Company (insurer), to pay the claimant $7,350.00 at the rate of $35 each week for 210 weeks,[1] and thereafter, the appellee, Subsequent Injury Fund (Fund), to pay the claimant $1,750.00 at the rate of $35 per week for 50 weeks.[2] On 24 May 1974, after a rehearing, the Commission affirmed its previous order

On 6 June 1974, the claimant filed an appeal in the Circuit Court for Allegany County. On 7 May 1975, Judge Harold E. Naughton entered an order affirming the Commission. This appeal is taken from that order.

Chapter 446 of Laws of Maryland 1970, codified in Maryland Annotated Code (1957, 1964 Repl. Vol., 1975 Cum. Supp.) Art. 101, § 36 (4), effective 1 July 1970, provides in pertinent part that when an employee suffers a permanent partial disability:

"the Commission shall determine the portion or

---

1. Md. Ann. Code (1957, 1964 Repl. Vol., 1975 Cum. Supp.) Art. 101, § 36 (4).

2. Md Ann. Code (1957, 1964 Repl. Vol., 1975 Cum. Supp.) Art. 101, § 66 (1).

percentage by which the industrial use of the employee's body was impaired as a result of the injury . . . and shall award compensation in such proportion as the determined loss bears to the sum of *$17,500,* the said compensation to be paid weekly at the rate of sixty-six and two-thirds per centum of the average weekly wages. . . ."

Chapter 446, codified in Maryland Annotated Code (1957, 1964 Repl. Vol., 1975 Cum. Supp.), Art. 101, § 36 (4a), further provides in pertinent part that:

> "*A person who, from one accident, receives an award of compensation for a period of two hundred and fifty (250) weeks or more under subsections (3) or (4) or a combination of both, is thereby considered to have a Serious Disability. . . . The weeks for such award shall be increased by one-third . . . and the compensation shall be for sixty-six and two-thirds per centum of the average weekly wages. . . .*
>
> "SEC. 2. *And be it further enacted,* That the provisions of this Act shall be applicable only to such injuries as occur and such actions as are initiated after the effective date hereof.
>
> "SEC. 3. *And be it further enacted,* That this Act shall take effect on July 1, 1970." (Emphasis added.)

Chapter 809 of Laws of Maryland 1963, effective 1 June 1963, codified in Maryland Annotated Code (1957, 1964 Repl. Vol.) Art. 101, § 66 (1), the law applicable to this case, provides in pertinent part:

> "*Whenever an employee who has a permanent impairment due to previous accident or disease or any congenital condition, which is or is likely to be a hindrance or obstacle to his employment, incurs subsequent disability by reason of a personal injury, for which compensation is required by this Article resulting in permanent partial or per-*

*manent total disability that is substantially greater by reason of the combined effects of the impairment and subsequent injury than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall be liable only for the compensation payable under this Article for such injury. However, in addition to such compensation to which the employer or his insurance carrier is liable, and after the completion of payments therefor provided by this Article, the employee shall be entitled to receive and shall be paid additional compensation from a special fund to be known as the 'Subsequent Injury Fund,' created for such purpose, in the manner described hereafter in this section, it being the intent of this section to make the total payments to which such employee shall become entitled equal to the compensation that would be due for the combined effects of the impairment and subsequent injury resulting in permanent total disability or a substantially greater permanent partial disability.*

*"Benefits from the Subsequent Injury Fund hereunder shall not be payable unless the combined effects resulting from a previous impairment and a subsequent accidental injury result in a permanent disability exceeding 50 per centum (50%) of the body as a whole."* (Emphasis added.) [3]

The claimant contends that under Art. 101, § 36 (4a) he was entitled to additional benefits because he suffered a serious disability. He maintains that the legislative intent expressed in Art. 101, § 66 (1), establishes that the total payment to which he is entitled is the compensation that would be due for the combined effects of the previous

---

**3.** 1975 Laws of Maryland Ch. 638, effective 15 May 1975, added in pertinent part the following language to paragraph two:

"AND THAT THE PREVIOUS IMPAIRMENT AND SUB-SEQUENT ACCIDENTAL INJURY IS EACH COMPEN-SABLE, AS DETERMINED BY THE COMMISSION, FOR A PERIOD OF NOT LESS THAN 125 WEEKS."

impairment and the subsequent injury. He points out that that combined effect consists of a 52 per cent disability of his body as a whole, and that the award of compensation which he received from the 20 April 1971 accident, was for a period of 260 weeks. He concludes that under these circumstances, his award should be increased by one-third.

In our view, the legislative declaration of intent in Art. 101, § 66 (1) does not mandate that an award of compensation for a previous impairment under that section, and an award of compensation for an injury under Art. 101, § 36 (4), be combined to determine eligibility for serious disability benefits under Art. 101, § 36 (4a). Therefore, we cannot agree that the claimant is entitled to increased benefits.

In *Zebron v. American Oil Co.*,[4] this Court held that a claimant was not entitled to combine an award of compensation for a previous impairment with an award of compensation for a subsequent injury, in determining eligibility for serious disability benefits. Chapter 322 of Laws of Maryland 1965,[5] the then applicable law, provided in pertinent part:

> *"(4a) A person who receives under Subsection (4) of this section an award equal in total to forty per centum or more of $12,500 is thereby considered to have a serious disability. He automatically shall be entitled to (in addition to the award under Subsection (4)) an extra award of a number of weeks equal to one-third (computed to the nearest whole number) of the number of weeks awarded under Subsection (4); and the award of compensation to him in no case shall exceed forty dollars per week; and as to him the maximum limitation of $12,500 shall not apply. This subsection, to the extent of any inconsistency, prevails over Subsection (4); but otherwise Subsec-*

---

4. 10 Md. App. 308, 270 A. 2d 339 (1970).
5. Then codified in part as Md. Ann. Code (1957, 1964 Repl. Vol., 1969 Cum. Supp.) Art. 101, § 36 (4a).

*tion (4) applies to persons covered by this subsection.* PROVIDED, HOWEVER, THAT ANY ADDITIONAL COMPENSATION FOR PERMANENT PARTIAL DISABILITY ON A PETITION TO REOPEN SHALL NOT INCREASE THE AMOUNT OF COMPENSATION PREVIOUSLY AWARDED AND PAID.

"SEC. 2. AND BE IT FURTHER ENACTED, THAT THE PROVISIONS OF THIS ACT SHALL BE APPLICABLE ONLY TO SUCH INJURIES AS OCCUR AND SUCH ACTIONS AS ARE INITIATED AFTER THE EFFECTIVE DATE HEREOF.

"SEC. 3. *And be it further enacted,* That this Act shall take effect June 1, 1965." (Emphasis added.)

The facts of that case showed that Zebron had sustained two accidental injuries, the first on 29 May 1965, the second on 15 March 1966. The Commission found that as a result of the second accident, Zebron had sustained a 70 per cent industrial loss of the use of his body, of which 30 per cent was due to the second injury and 40 per cent due to his previous impairment. In determining that Zebron was not entitled to "serious disability" benefits under Art. 101, § 36 (4a), this Court said:

"In enacting the Section, [§ 36 (4a)], the Legislature expressly provided, as heretofore indicated, that 'the provisions of this act shall be applicable only to such injuries as occur and such actions as are initiated' after June 1, 1965. While it is true, as stated in *Barnes,* that an ambiguity in the compensation law is to be resolved in favor of the claimant, we find no such ambiguity in Section 36 (4a); to us, the intent of the Legislature was clearly to limit application of the 'serious disability' provisions to compensable injuries, all of which were sustained after June 1, 1965. To apply Section 36 (4a) to a pre-June 1, 1965 injury in determining

whether a 'serious disability' has been sustained by a post-June 1, 1965 injury would, in effect, constitute a retroactive application of the Act's provisions, and would, in our judgment, constitute an interpretation wholly at odds with the legislative intention that 'the provisions' of the Section apply only 'to such injuries as occur' after June 1, 1965." [6]

In *Zebron*, the question of the ambiguity created in Art. 101, § 36 (4a) by the impact of the declaration of legislative intent found in Art. 101, § 66 (1), that the claimant should receive total payments equal to the compensation which would be due for the combined effects of the impairment and the subsequent injury, was not considered. However, we find nothing in the declaration of intent expressed in Art. 101, § 66 (1) which requires a contrary result. This declaration of intent, originally enacted in 1945,[7] and re-enacted in 1963,[8] preceded the provision of "serious disability" benefits under Art. 101, § 36 (4a), which was not enacted until 1965.[9] Moreover, subsequent amendments to Art. 101, §§ 36 and 66 (1), indicate a consistent legislative pattern of narrowly limiting the benefits provided under Art. 101, § 66 (1).

This conclusion is supported by the enactment in 1970 of Chapter 446 set forth above, which amended Art. 101, § 36 (4a), by changing the definition of persons eligible for serious disability benefits from a person who receives an award "equal in total" to 40 per cent of $12,500, to one who *"from one accident"* receives an award for 250 weeks or more. This amendment indicates that the Legislature did not intend that, in computing eligibility for serious disability benefits, an award for a previous impairment be added to an award for a subsequent injury.

---

6. 10 Md. App. at 311, 270 A. 2d at 340-41.
7. 1945 Laws of Maryland Ch. 637.
8. 1963 Laws of Maryland Ch. 809.
9. 1965 Laws of Maryland Ch. 322.

Further support for this conclusion is found in the enactment in 1975 of Chapter 638,[10] which amended Art. 101, § 66 (1) to require not only that benefits from the Fund not be payable unless the combined effects of a previous impairment and a subsequent injury result in a permanent disability exceeding 50 per cent of the body as a whole, but also that such benefits shall not be payable unless "the previous impairment and subsequent accidental injury is each compensable, as determined by the Commission, for a period of not less than 125 weeks." This amendment, which prohibits adding the number of weeks of a compensation award attributable to a subsequent injury to the number of weeks of such an award attributable to a previous impairment in order to establish eligibility for benefits from the Fund under Art. 101, § 66 (1), also implies that such awards not be combined in order to establish eligibility for "serious disability" benefits under Art. 101, § 36 (4a).

Finally, in *Subsequent Injury Fund v. Chapman*,[11] this Court held that Art. 101, §§ 36 and 66 (1) must be read together, and that the survivorship benefits provided by then § 36 (1) (c) and (4) (c)[12] applied to awards under § 66 (1), which had no such survivorship provisions. Chapter 638 of Laws of Maryland 1975 amended Art. 101, § 36 (1) (d) and (4) (c) to read: "This paragraph does not apply to the provisions of section 66 of this article." Thus the Legislature, in overriding *Chapman*, indicated its intent that the survivorship provisions of § 36 not be read into § 66 (1). This amendment indicates that the language in § 36 (4a) that a person must receive an award of 250 weeks compensation under § 36 (3) or (4) or a combination of both to qualify for serious disability benefits, should not be read as including an award under § 66 (1).

Under these circumstances, we are persuaded that notwithstanding the declaration of legislative intent found

---

10. *Supra*, note 3.

11. 11 Md. App. 369, 376, 274 A. 2d 870, 874, *aff'd*, 262 Md. 367, 277 A. 2d 444 (1971).

12. 1973 Laws of Maryland Ch. 671, effective 1 July 1973, moved the survivorship benefit provision from § 36 (1) (c) to § 36 (1) (d).

in Art. 101, § 66 (1), a claimant may not add an award of compensation for a previous impairment to an award of compensation for a subsequent injury to qualify for serious disability benefits under Art. 101, § 36 (4a). A claimant is entitled to "serious disability" benefits only when the award of compensation for a subsequent accidental injury alone equals or exceeds 250 weeks. Accordingly, we shall affirm.

*Judgment affirmed.*
*Costs to be paid by appellant.*