486 A.2d 785

**Kenneth BARBEE**

v.

**HECHT COMPANY, et al.**

**No. 510, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Jan. 11, 1985.

Leonard J. Ralston, Jr., Rockville (Ashcraft & Gerel, Rockville, on the brief), for appellant.

Sophia L. Swope, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee, Subsequent Injury Fund.

No briefs filed by other appellees.

Argued before BISHOP, GETTY and KARWACKI, JJ.

GETTY, Judge.

The sole question presented in this appeal is whether the "serious disability" rates of compensation set forth in Md.

Ann.Code art. 101, § 36(4a) (1957, 1984 Cum.Supp.) may be applied to the Subsequent Injury Fund.

On December 21, 1979, Kenneth Barbee (hereinafter "appellant") injured his back in the course of his employment with the appellee Hecht Company. At appellant's hearing before the Workmen's Compensation Commission (hereinafter "Commission"), on October 29, 1982, it was discovered that appellant also suffered from a pre-existing impairment to his right eye, and the Commission ordered that the appellee Subsequent Injury Fund (hereinafter "Fund") be impleaded. After a further hearing, the Commission found, in an order dated April 11, 1983, that appellant's back injury amounted to a 25% industrial loss of the use of his body. Pursuant to this finding, the Commission ordered the Employer and Insurer to compensate appellant for his back injury at the "straight" rate of $75.00 per week for 125 weeks.

The Commission further ordered the Fund to compensate appellant at the "straight" rate of $74.00 per week for 250 weeks for his pre-existing eye impairment. Appellant appealed to the Circuit Court for Prince George's County, where both parties moved for partial summary judgment on the issue of whether, on these facts, the Fund should pay its benefits at the "serious disability" rate. The court granted summary judgment in favor of the Fund and affirmed the Commission's award in its entirety. The appellant now asks us to review that decision.

Appellant argues that the Commission erred in ordering the Fund to compensate him at the "straight" rate provided by Section 36(4)(a) rather than at the "serious disability" rate pursuant to Section 36(4a). He reasons that Md.Ann. Code art. 101, § 66(1) (1957, 1984 Cum.Supp.), which explains how one qualifies for payments from the Fund, must be read in *pari materia* with Section 36, which alone provides for the amount and method of payment. When this is done, appellant urges, it becomes apparent that an injured worker who is awarded 250 weeks of compensation

for a single pre-existing impairment is entitled to receive those payments at the "serious disability" rate from the Fund.

The Fund admits the general principle that §§ 66 and 36 of the Workmen's Compensation Act must be read together. We have previously explained that:

"There are no provisions in Section 66 by which to determine the amount, manner, or method of paying benefits for permanent total or permanent partial awards made against the Fund; these matters can be determined only by reference to the provisions of Section 36, and the schedules therein contained.... It is thus readily apparent that the provisions of Section 36 and Section 66 must be read together." *Subsequent Injury Fund v. Chapman*, 11 Md.App. 369, 375–76, 274 A.2d 870, *aff'd mem.*, 262 Md. 367, 277 A.2d 444 (1971).

The Fund insists, however, that by its very terms Section 36(4a) is inapplicable to it. Section 36(4a) reads, in pertinent part:

"A person who, *from one accident,* receives an award of compensation for a period of two hundred fifty (250) weeks or more ... is thereby considered to have a serious disability.... The weeks for such award shall be increased by one third (computed to the nearest whole number); and the compensation shall be for sixty-six and two-thirds per centum of the average weekly wages." Md.Ann.Code art. 101, § 36(4a) (1957, 1984 Cum.Supp.) (emphasis added).

The crux of the parties' dispute is the proper interpretation of the limiting phrase "from one accident." The Fund reasons that, since it can only compensate workers who, in *addition* to having suffered a compensable accident, are *also* suffering from a pre-existing impairment, its payees cannot be said to be receiving compensation from only "one accident." The plain meaning of "from one accident," the Fund urges, excludes conditions—such as pre-existing impairments—that did not arise from the one accident.

Appellant, however, would have us read the phrase to mean only that in determining whether the requisite 250 weeks of compensation have been received, the weeks of compensation for the pre-existing impairment may not be added to the weeks of compensation for the accidental injury. In other words, appellant is arguing that the compensation awarded "from one accident" may include both weeks for a pre-existing impairment and weeks for the specific new injury. Although he readily concedes that the apportioned awards cannot be *combined* to reach the 250 week figure, he urges that if either portion *alone* reaches 250 weeks it is a serious disability entitling the injured worker to be paid at serious disability rates.

To support his contention that the phrase "from one accident" must be given a much broader meaning than appears on its face, appellant points us to our decision in *Ferretto v. Subsequent Injury Fund*, 53 Md.App. 514, 454 A.2d 866 (1983). There, in reference to the applicability of Section 36(4a) to the Fund, we stated that:

" . . . *each portion* of the award [made for a pre-existing impairment and for a subsequent accidental injury] is to be treated according to the degree of seriousness generated by the disability to which *that portion* relates." *Id.*, 53 Md.App. at 525, 454 A.2d 866 (emphasis added).

We went on to state that:

" . . . we hold that [the claimant] is not entitled to be compensated at the serious disability rate for the portion of the award . . . allocated to the pre-existing impairment, *unless that loss alone meets the requirements* of § 36(4a)." *Id.* (emphasis added).

We agree with appellant that this language clearly indicates that if the pre-existing impairment portion of the award had, by itself, amounted to 250 weeks of compensation, the *Ferretto* Court would have ordered the Fund to pay at serious disability rates.

We note that the narrow issue before us in *Ferretto* was whether the Fund was required to pay for prior impairment

disability at "serious disability" rates merely because a
*later* injury "from one accident" was compensable at those
higher rates. Thus, our statement regarding the applicabil-
ity of Section 36(4a) to the Fund when the pre-existing
impairment portion of an award alone amounts to 250
weeks was not, strictly speaking, necessary to our decision
in that case. Still, we will not dismiss it as *obiter dicta.*
We characterized it as part of our holding and we recognize
that the case did require us to interpret the meaning of the
phrase "from one accident" in Section 36(4a).

Nevertheless, the Fund persuades us that to the extent
*Ferretto* stands for the proposition that Section 36(4a) is
applicable to the Fund's payments for pre-existing impair-
ments, it must be overruled.[1]

The Fund was established in order to encourage
employers to hire workers despite their impairments. The
Fund furthers this purpose by relieving employers of all
liability for the percentage of overall disability attributable
to their workers' pre-existing impairments. *See Subse-
quent Injury Fund v. Thomas,* 275 Md. 628, 633, 342 A.2d
671 (1975); *Subsequent Injury Fund v. Howes,* 11 Md.App.
325, 329, 274 A.2d 131 (1971). Appellant has not suggested
how this purpose would be furthered if we were to require
the Fund to pay at serious disability rates.

The Legislature itself has stated that, in creating the
Fund, it intended—

> "to make the total payments to which such employee
> shall become entitled equal to the compensation that
> would be due for the *combined* effects of the impairment
> and subsequent injury resulting in permanent total dis-
> ability or a substantially greater permanent partial dis-
> ability." Md.Ann.Code art. 101, § 66(1) (emphasis added).

---

1. Had we applied in *Ferretto* the reasoning we apply here, the result
reached in *Ferretto* would remain unchanged.

As we observed in *Duckworth v. Kelly-Springfield Tire,* 30 Md.App. 348, 353 A.2d 1, *aff'd,* 278 Md. 361, 363 A.2d 965 (1976),

> "[t]his declaration of intent, originally enacted in 1945, and reenacted in 1963, preceded the provision of serious disability benefits under Article 101, Section 36(4a), which was not enacted until 1965. Moreover, subsequent amendments to article 101, section 36 and 66(1), indicate a consistent legislative pattern of narrowly limiting the benefits provided under article 101, section 66(1)."

Thus, it is evident that the Legislature which created the Fund intended it to pay at the "straight rate," contemplating that such payments would, when combined with the employer/insurer payments, compensate injured workers for the "combined effects."

The Legislature did not express a contrary intent when it enacted Section 36(4a). A brief analysis of the legislative history of the serious disability statutes reveals that the first such statute was enacted in 1965 as an attempt to achieve parity of benefits for certain injuries on the job subsequent to that date. Before that date, a claimant who was permanently totally disabled received $30,000 in benefits while a claimant who was 99% disabled received only $12,500. The serious disability provisions provided for extra payment of benefits where it was determined that a claimant had sustained a certain percentage of disability "from one accident"; thereby affording an extra protection to workers engaging in high risk and extra-hazardous occupations, and shifting the burden for compensation to employers/insurers in those situations where on the job accidents caused exceptionally severe injuries. Again, appellant has not suggested how this purpose would be furthered by requiring the Fund to pay serious disability rates.

Moreover, if the Legislature had intended Section 36(4a) to apply to the Fund's pre-existing impairment payments we do not think it would have provided in Chapter 446 of Laws of Maryland 1970 that "the provisions of [section 36(4a)] shall be applicable only to such injuries as occur and such

actions as are initiated after June 1, 1965." In *Zebron v. American Oil Co.,* 10 Md.App. 308, 270 A.2d 339 (1970), we interpreted this restriction to mean that

> "the intent of the Legislature was clearly to limit application of the 'serious disability' provisions to *compensable injuries, all of which were sustained after June 1, 1965." Id.,* 10 Md.App. at 311, 270 A.2d 339.

Obviously, at the time it enacted Section 36(4a), the Legislature was aware that most pre-existing impairments would have been incurred *prior* to June 1, 1965.

It is true that §§ 66 and 36 must be read together. *See Subsequent Injury Fund v. Chapman, supra.* It is equally true, however, that not every subsection of Section 36 is applicable to the Fund. Section 36 sets forth numerous categories for compensation at serious disability rates, some of which are obviously inapplicable to the Fund. *See, e.g.,* Section 36(2) (total disability); Section 36(6) (temporary partial disability); Section 36(9) (vocational rehabilitation).

Our statement in *Duckworth, supra,* that the Legislature intended a narrow interpretation of the Fund's liability, was prompted, in part, by the legislative response to our decision in *Chapman.* In *Chapman,* we held that the survivorship provisions of Section 36(1)(d) applied to the Fund. The Legislature promptly amended subsections 36(1)(d) and 4(c) to ensure that we would not give it such a broad application in the future. After weighing the effect of this amendment, we stated that it

> "indicates that the language in § 36(4a) that a person must receive an award of 250 weeks compensation under § 36(3) or (4) or a combination of both to qualify for serious disability benefits, *should not be read as including an award under § 66(1)....* A claimant is entitled to 'serious disability' benefits *only when the award of compensation for a subsequent injury alone* equals or exceeds 250 weeks." 30 Md.App. at 355–56, 353 A.2d 1 (emphasis added).

In short, our examination of the legislative intent behind both §§ 36 and 66 provides us with no reason to avoid the plain meaning of the word "accident" in Section 36(4a). It refers to the compensable subsequent *accident* and not to pre-existing impairments. Any ambiguity surrounding the applicability of Section 36(4a) was judicially, not legislatively, created. We hold that claimants such as appellant are not entitled to be compensated by the Fund at serious disability rates. The Section 36(4a) rates are applicable only to payments made by the employers/insurers when a single accident results in their paying 250 weeks or more of compensation.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.